# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY D. WILDER,

    Petitioner,    :    Case No. 1:07-cv-335

          :    District Judge Susan J. Dlott
    -vs-    Chief Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE AUTHORITY,

          :

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Gary D. Wilder brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Butler County Common Pleas Court on one count of rape. He pleads the following grounds for relief:

> **Ground One:** The Adult Parole authority violates Petitioner's Fourteenth Amendment rights to due process when it revoked his parole in violation of Ohio Revised Code § 5149.103(E)'s prohibitive factors.
>
> **Ground Two:** The Parole Board violated Petitioner's Eighth Amendment rights to be free from cruel and unusual punishment when they revoked Petitioner's parole and continued him for 43 months to his next hearing.

(Petition, Doc. No. 1, at 6-7.)

The premise of both of Petitioner's claims is that he had been granted parole and the parole was revoked without due process and that the revocation constitutes cruel and unusual punishment.

Respondent's Return of Writ shows that Petitioner was convicted and sentenced to an

imprisonment term which has not yet expired. In June, 2006, Petitioner was recommended to be released on parole on August 28, 2006, after a Central Office Board Review (Ex. F. to Return of Writ, Doc. No. 8). Before the effective date of release, however, the Office of Victim's Services filed a petition for review of that recommendation by the full parole board. *Id.* at Ex. G. A stop order was then placed on Petitioner's release and he was given notice of the full board hearing. *Id.* Exs. H and I. After the hearing, his incarceration was continued for another forty-three months, still within the initial sentence imposed. *Id.* Exs. J and K. It is that full Parole Board decision of which Petitioner complains.

Petitioner argues that because he had already signed off on the conditions of his parole and had some expectancy interest in his actual release, the terms of parole should be considered as a contract. That argument does not help Petitioner's position because a federal habeas corpus court cannot release a state prisoner on the basis that he is being held in breach of a contract.

There is no liberty interest in parole unless created by mandatory language in the state statute creating the parole system. *Board of Pardons v. Allen,* 482 U.S. 369, 373 (1987); *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1 (1979). Ohio Revised Code §2967.03, which vests discretion in the Adult Parole Authority to grant a parole, does not create an expectancy of parole or a constitutional liberty interest sufficient to establish a right to procedural due process. *State, ex rel Adkins, v. Capots,* 46 Ohio St. 3d 187, 188, 546 N.E. 2d 412 (1989); *State, ex rel Blake, v Shoemaker,* 4 Ohio St. 3d 42, 446 N.E. 2d 169 (1983). Therefore the Parole Authority possesses discretion to revoke an unexecuted parole order without providing a hearing. *Jago v. Van Curen,* 454 U.S. 14, 102 S. Ct. 31, 70 L. Ed. 2d 13 (1981); *Hattie v. Anderson*, 68 Ohio St. 3d 232, 626 N.E. 2d 67 (1994).

The only authority cited by Petitioner is the dissent in the *Jago v. Van Curen* case. However, the law is stated by the majority opinion; a district court is not free to follow a dissent even if it believes that the dissent is better reasoned.

Because Petitioner had no protected liberty interest in the unexecuted parole recommendation which was still, under Ohio law, subject to full Board review, he has not stated a claim for federal habeas corpus relief. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

January 15, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Wilder v. Warden R&R.wpd